**ESTATE OF Joseph C. HOFGESANG, Ben B. Hardy, Executor, Appellant–Plaintiff,**

v.

**James F. HANSFORD and Carol Sue Hansford, Appellees–Defendants.**

No. 22A01–9808–CV–293.

Court of Appeals of Indiana.

Aug. 10, 1999.

1214

David W. Crumbo, Brown, Todd & Heyburn, PLLC, New Albany, Indiana, Attorney for Appellant.

Jeffrey L. Hansford, Boehl Stopher & Graves, New Albany, Indiana, Attorney for Appellee.

## OPINION

ROBB, Judge

The Estate of Joseph C. Hofgesang, by its executor, Ben B. Hardy (the "Estate"), appeals the trial court's entry of summary judgment in favor of James F. Hansford and Carol Sue Hansford on the Estate's complaint for breach of contract. We reverse and remand.

### Issues

The Estate raises one issue for our consideration on appeal, which we restate as whether the Estate was required to file a copy of the Kentucky decedent's will in Indiana in order to pursue a breach of contract action in Indiana.

### Facts and Procedural History

In 1971, Hofgesang and Mr. Hansford took title to certain real property (the "Property") in Jeffersonville, Indiana, as tenants in common. Hofgesang paid the entire purchase price for the Property. Mr. Hansford signed a promissory note for $7,000 to Hofgesang, which was secured by a mortgage on the Property signed by Mr. and Mrs. Hansford.[1] The mortgage was duly recorded.

Hofgesang died testate on March 10, 1972, a resident of Kentucky. In May 1972, Mr. Hansford executed a second promissory note to Hofgesang for an additional $4,825, also secured by a mortgage on the Property which was signed by both Mr. and Mrs. Hansford. Both promissory notes matured in February 1973. Mr. Hansford failed to pay the sums due under either note.

Soon after Hofgesang's death in 1972, his Last Will and Testament was admitted to probate in Jefferson County, Kentucky, and Ben Hardy was appointed as the executor of the Estate. In October 1982, within the ten-year statute of limitations for breach of contract actions, the Estate filed its complaint against the Hansfords in Floyd County, Indiana, seeking to recover the money owed to Hofgesang under the promissory notes. In May 1996,[2] the Estate filed a Motion for Summary Judgment asking the trial court to award it the amounts due under the notes, plus interest and attorney fees, to foreclose on the mortgages, and to order the sale of the Property if necessary. The Hansfords responded and also filed a Motion for Summary Judgment, alleging that the Estate lacked standing to bring this action because Hofgesang's will had not been filed in Indiana within three years of his death as required by Indiana Code section 29-1-7-25. The trial court granted the Hansford's motion by order which stated, in pertinent part, as follows:

> This matter having come before the Court on the [Estate's] Motion for Summary Judgment and the [Hansfords] also having filed a Motion for Summary Judgment and the Court having heard the arguments of counsel . . ., and the Court having had the opportunity to review the materials designated by the original and supplemental designations by both parties, and being duly advised, now finds:
>
> 1. That the will of the Decedent, Joseph Hofgesang, was not filed in Floyd County within three years of March 10, 1972, nor was the probated will in Kentucky filed in Floyd County within these three years. There is no dispute about these facts.
>
> 2. That as a result of this fact the [Estate] has no standing to bring or maintain this action.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the [Hansfords's] Motion for Summary Judgment against [the Estate] should be and is

---

1. Mrs. Hansford does not appear on the deed to the Property, and it is unclear why she signed the mortgage. However, because she did sign the mortgage, she was named as a defendant to this action. R. 203.

2. After the Hansfords filed an Answer in November 1982 denying all allegations contained in the Complaint, this litigation was apparently dormant until 1996.

hereby granted, and all claims against James F. Hansford and Carol Sue Hansford are hereby dismissed.

R. 141–42. The Estate filed a Motion to Correct Error which was denied, and this appeal ensued.

### Discussion and Decision

### I. Standard of Review

■ At the outset, we note that the Hansfords have failed to file an appellee's brief.[3] When an appellee fails to submit a brief, an appellant may prevail by making a prima facie case of error. *Rzeszutek v. Beck*, 649 N.E.2d 673, 676 (Ind.Ct.App.1995), *trans. denied.* The prima facie error rule protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty which properly remains with counsel for the appellee. *Id.*

■ Summary judgment is appropriate if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). Relying on specifically designated evidence, the moving party bears the burden of showing prima facie that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Estate of Pflanz v. Davis*, 678 N.E.2d 1148, 1150 (Ind. Ct.App.1997). If the moving party meets these two requirements, the burden shifts to the nonmovant to set forth specifically designated facts showing that there is a genuine issue for trial. *Id.* A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. *Downs v. Panhandle Eastern Pipeline Co.*, 694 N.E.2d 1198, 1200 (Ind.Ct.App.1998), *trans. denied.* Even if the facts are undisputed, summary judgment is inappropriate where the record reveals an incorrect application of the law to the facts. *General Accident Ins. Co. of America v. Hughes*, 706 N.E.2d 208, 210 (Ind.Ct.App.1999).

■ On appeal, we are bound by the same standard as the trial court, and we consider only those matters which were designated at the summary judgment stage. *Estate of Pflanz*, 678 N.E.2d at 1151. We liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact for trial. *Dunifon v. Iovino*, 665 N.E.2d 51, 55 (Ind.Ct. App.1996), *trans. denied.* The party that lost in the trial court has the burden to persuade the appellate court that the trial court erred. *Id.*

### II. Necessity of Filing Hofgesang's Foreign Will

■ On summary judgment, the Hansfords argued, and the trial court agreed, that the Estate was required to have filed a copy of Hofgesang's will in Indiana within three years of his death in order to have standing to pursue this action in Indiana. Indiana Code section 29–1–7–25, at the time Hofgesang died in 1972, provided:

> Any written will that shall have been proved or allowed in any other of the United States or in any foreign country, according to the laws of such state or country, may be received and recorded in this state in the manner and for the purpose mentioned in the next two (2) sections.

---

**3.** We would also note that the Hansfords expended a great deal of time and effort and generated a copious amount of paperwork seeking to have this appeal dismissed for various alleged deficiencies. The Hansfords's primary complaint was that the Estate's counsel was a member of the bar of the State of Kentucky and had not been properly admitted in Indiana *pro hac vice* for purposes of this appeal. We denied the Motion to Dismiss, giving counsel for the Estate an opportunity to submit a proper petition to be admitted *pro hac vice.* Counsel for the Estate was subsequently admitted *pro hac vice,* and all prior pleadings filed by her were deemed ratified. The Hansfords petitioned for rehearing of that decision and also requested an extension of time to file their appellee's brief until a ruling was made on the rehearing request. The petition for rehearing was denied, and the Hansfords were afforded until June 1, 1999, to file their appellee's brief. No brief was ever filed on their behalf.

That same section, since July 1, 1983, has provided the following:

> Any will that has been proved or allowed in any other state or in any foreign country, according to the laws of that state or country, may be received and recorded in this state within three (3) years after the decedent's death in the manner and for the purpose provided in sections 26 and 27 of this chapter.

Sections 26 and 27 provide for the certification of a foreign will by the state in which the will was proved and presentation to "the court of the [Indiana] county having jurisdiction in which there is any estate on which the will may operate...." Ind.Code § 29–1–7–27. If the Indiana court is satisfied that the instrument ought to be allowed as the last will and testament of the decedent, it shall order the will to be filed and recorded, and "such will shall have the same effect as if it had been originally admitted to probate and recorded in this state." *Id.*

 Title to and disposition of real property, whether by deed, will, or otherwise, is governed exclusively by the law of the state where it is situated. *Evansville Ice & Cold Storage Co. v. Winsor*, 148 Ind. 682, 48 N.E. 592, 594 (1897). Thus, the probate of a will in another state has no effect on the title of real estate in Indiana unless the will is duly admitted to probate in this state or filed and recorded as a foreign will in compliance with our laws. *Duckwall v. Lease*, 106 Ind.App. 664, 20 N.E.2d 204, 208 (1939). Accordingly, our supreme court has held that "if a foreign executor attempts to make a sale of real estate in this state by virtue of the power to sell *conferred on him in the will*, he must comply with [section 29–1–7–25]." *Bailey v. Rinker*, 146 Ind. 129, 45 N.E.

38, 39 (1896) (emphasis added). A year later, the supreme court held that a nonresident testatrix's husband could only acquire title to Indiana real estate owned by the testatrix and devised to him if the testatrix's will was proved and recorded as a foreign will in accordance with the laws of this state. *Winsor*, 48 N.E. at 594. This court has held that it is necessary to file a foreign will "in order that the courts of this state might authorize a sale of the real estate *under and by virtue of its terms and directions ....*" *Duckwall*, 20 N.E.2d at 208 (emphasis added). It would seem, then, that the "purpose" to which section 29–1–7–25 refers is to prove title to Indiana real estate devised under a foreign will or otherwise give effect to the provisions of a foreign will concerning Indiana real estate.[4] That, however, is not the situation we are presented with here.

Rather, this case concerns a failure to pay amounts due under a promissory note, a breach of contract. The fact that the promissory notes were secured by real estate situated in Indiana which could be ordered sold to satisfy the debt owed, is incidental to the true nature of this action: to recover money. It is not the provisions of the will purporting to devise Hofgesang's one-half undivided interest in the Property that this action is seeking to enforce, but the provisions of a contract signed by Mr. Hansford to repay his half of the purchase price of the Property. All other things being equal, had Hofgesang survived to pursue this action himself, the posture of the case would be no different than it is now. Thus, we see no reason why a certified copy of Hofgesang's foreign will would be required to be filed and recorded in Indiana.[5] It is true, as the trial court stated,

4. The filing of a foreign will is not a condition precedent to bringing suit in the Estate's name, so this is not an additional "purpose" of the filing requirement. If the authority of a foreign personal representative is questioned, he must file authenticated copies of his *appointment* to the Indiana court. Ind.Code § 29–2–1–5. However, this is not necessary in order for him to bring suit on the Estate's behalf. *Upton v. Adams' Ex'rs*, 27 Ind. 432, 433 (1867) ("The right of a foreign executor or administrator to sue is not dependent upon his filing here a copy of his letters."). *See also Jeffersonville R.R. Co. v. Hendricks' Adm'r*, 26 Ind. 228, 230 (1866) (stating

that, when the right of a foreign executor to sue is properly denied or put in issue, a duly authenticated copy of his letters should be filed with the county clerk, but such filing is not required before commencing suit).

5. After the Hansfords filed their Motion for Summary Judgment in Floyd Circuit Court, the Estate obtained an order from Floyd *Superior* Court to file and record a certified copy of Hofgesang's will. The Estate then designated the petition, order, and will as additional evidence in response to the Hansfords's motion. R. 104–24. Ultimately, the Hansfords were successful in hav-

that there is no dispute about the fact that the Estate did not file a certified copy of Hofgesang's will pursuant to Indiana's foreign will statute. However, the trial court erred in finding, as a matter of law, that this omission precluded the Estate from proceeding on its breach of contract claim.

The trial court's order granting summary judgment in favor of the Hansfords [6] is therefore reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

RILEY, J., and FRIEDLANDER, J., concur.

ing this order set aside. R. 133. As we have determined that the will did not need to be filed at all, it is of no consequence that the order was set aside. Nonetheless, we are unsure why the Estate would attempt to file the foreign will in a court other than the one in which the case was pending.

6. To the extent that the trial court's order granting summary judgment for the Hansfords rested on the three year time limitation of section 29–1–7–25, we note that the statute was amended to include that time limitation more than three years after Hofgesang died. Even had we determined that the will was required to be filed, this three year limitation should not have been applied retroactively to the Estate. *Johnson v. AAA Chicago Motor Club Ins. Co.*, 699 N.E.2d 1182, 1185 (Ind.Ct.App.1998) ("It is not within the prerogative of this court to give retroactive effect to an amendment of a statute.").