**INTERSTATE COLD STORAGE, INCORPORATED, Appellant–Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Appellee–Defendant.**

No. 17A03–9902–CV–52.

Court of Appeals of Indiana.

Dec. 3, 1999.

conclude that the search of the automobile was proper as a search incident to an arrest.

728

Thomas J. Jarzyniecki, Eric D. Johnson, Kightlinger & Gray Indianapolis, Indiana, Attorneys for Appellant.

Julia Blackwell Gelinas, Jeffrey J. Mortier, Locke Reynolds LLP, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

ROBB, Judge

Interstate Cold Storage, Inc. ("Interstate") appeals from the trial court's grant of summary judgment in favor of General Motors Corporation ("GMC") on Interstate's complaint. We affirm.

### Issue

Interstate raises two issues for our review, which we consolidate and restate as one: whether the trial court properly granted summary judgment for GMC on its complaint for negligence and strict lia-

bility upon finding that the only damage suffered was to the product itself.

### Facts and Procedural History

On June 19, 1995, an Interstate employee was driving a 1992 GMC vehicle owned by a subsidiary of Interstate. The employee heard a strange sound and saw smoke coming from the vehicle. He pulled over to the side of the road and saw flames near the engine. The vehicle was declared a total loss. Neither the employee nor any other property was damaged as a result of the fire.

Interstate filed the instant lawsuit against GMC alleging strict liability, negligence, and breach of warranty claims. GMC moved for summary judgment on the strict liability and negligence claims.[1] The trial court, finding that there was no allegation of bodily injury or damage other than to the vehicle itself, granted summary judgment for GMC. Interstate now appeals.

### Discussion and Decision

#### I. Standard of Review

Our standard of review of a summary judgment order is well-settled: summary judgment is appropriate if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). Relying on specifically designated evidence, the moving party bears the burden of showing prima facie that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Estate of Pflanz v. Davis*, 678 N.E.2d 1148, 1150 (Ind.Ct.App.1997). If the moving party meets these two requirements, the burden shifts to the nonmovant to set forth specifically designated facts showing that there is a genuine issue for trial. *Id.* A

1. Initially, GMC moved for summary judgment on the breach of warranty claim, also. That part of the motion for summary judgment was withdrawn at the hearing on the motion. After summary judgment was granted on the two other counts, the breach of warranty count was dismissed with prejudice by joint stipulation of the parties.

**730**

genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. *Downs v. Panhandle Eastern Pipeline Co.,* 694 N.E.2d 1198, 1200 (Ind.Ct.App.1998), *trans. denied.* Even if the facts are undisputed, summary judgment is inappropriate where the record reveals an incorrect application of the law to the facts. *General Accident Ins. Co. of America v. Hughes,* 706 N.E.2d 208, 210 (Ind.Ct.App.1999), *trans. denied.*

On appeal, we are bound by the same standard as the trial court, and we consider only those matters which were designated at the summary judgment stage. *Pflanz,* 678 N.E.2d at 1151. We liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact for trial. *Dunifon v. Iovino,* 665 N.E.2d 51, 55 (Ind.Ct.App.1996), *trans. denied.* The party that lost in the trial court has the burden to persuade the appellate court that the trial court erred. *Id.* Specific findings and conclusions by the trial court are not required, and although they offer valuable insight into the rationale for the judgment and facilitate our review, we are not limited to reviewing the trial court's reasons for granting or denying summary judgment. *Jones v. Western Reserve Group,* 699 N.E.2d 711, 714 (Ind.Ct.App. 1998), *trans. denied.* A grant of summary judgment may be affirmed upon any theory supported by the designated materials. *Sims v. Barnes,* 689 N.E.2d 734, 735 (Ind. Ct.App.1997), *trans. denied.*

## II. Damage to Product Alone

In granting summary judgment for GMC, the trial court found that there was "no allegation of bodily injury or damage to Interstate's property, other than to the product itself." R. 155. The trial court also found that "[a]s interpreted in the *Martin Rispens* case, physical harm

'means bodily injury, death, loss of services and rights arising from any such injuries, as well as sudden major damage to property *other than to the product itself* [.]'" R. 155 (emphasis in original). Accordingly, the trial court granted summary judgment for GMC on Interstate's claims of negligence and strict liability. The fact that the only damage was to the vehicle is undisputed by the parties. They disagree, however, as to whether the trial court correctly applied the law, including the Products Liability Act and the cases interpreting it, to those undisputed facts.

The Products Liability Act (the "Act") governs all actions brought by a user or consumer of a product against the manufacturer or seller of the product for physical harm caused by the product, "regardless of the substantive legal theory or theories upon which the action is brought." Ind.Code § 34–20–1–1. *See also* Ind.Code § 34–6–2–115. Thus, the Act governs both the strict liability and negligence claims brought by Interstate. In pertinent part, the Act imposes liability as follows:

[A] person who sells, leases, or otherwise puts into the stream of commerce any *product* in a defective condition unreasonably dangerous to any user or consumer or to the user's or consumer's *property* is subject to liability for physical harm caused by that *product* to the user or consumer or to the user's or consumer's *property* . . . .

Ind.Code § 34–20–2–1 (emphasis added). "Physical harm" is defined as "bodily injury, death, loss of services, and rights arising from any such injuries as well as sudden, major damage to *property*. The term does not include gradually evolving damage to property or economic loss from such damage." Ind.Code § 34–6–2–105 (emphasis added). "Sudden, major damage" is damage that happens quickly and unexpectedly, and is significant in scope. *Reed v. Central Soya Co., Inc.,* 621 N.E.2d 1069, 1076 (Ind.1993). It is undisputed that the damage suffered herein was "sudden" and "major."

In the case of *Martin Rispens & Son v. Hall Farms*, 621 N.E.2d 1078 (Ind.1993), our supreme court noted that the plaintiff's strict liability claim was "based on damage to the product itself. Strict liability in tort is inapplicable to claims of such damage because the proper remedy is warranty." *Id.* at 1089. With regard to the plaintiff's negligence claim, the court held that "[e]conomic losses are not recoverable in a negligence action premised on the failure of a product to perform as expected unless such failure causes personal injury or physical harm to property other than the product itself." *Id.* at 1091. Interstate argues that because the supreme court also determined in *Martin Rispens* that the plaintiff's loss was gradually evolving damage which is specifically excluded from the Act's definition of "physical harm," these statements should be limited to the facts of that case and mean only that the Act is inapplicable to claims of *gradually evolving damage* to the product itself.

 It may well be that the supreme court intended its statements in *Martin Rispens* to encompass only the gradually evolving damage found in that case, although they are not by their express terms so limited. However, the language of the Act supports an extension of that statement to even the "sudden, major damage" we have here. The Act states that the manufacturer of a *product* is liable for physical harm caused by that *product* to the user's *property.* *See* Ind.Code § 34-20-2-1. Thus, although it is possible in general terms for the product to also be the property of the user, the Act does not use the terms "product" and "property" interchangeably. The language of the Act contemplates the defective product acting on some other property causing some harm to it. Accordingly, we must disagree with Interstate's contention that "[t]he Act

does not draw any distinction between the product itself and other property owned by the user or consumer...." Brief of Appellant at 8. The trial court did not err in granting summary judgment as a matter of law for GMC on Interstate's claims under the Act.[2]

### *Conclusion*

 The undisputed material fact in this case is that GMC's product, in this case the vehicle owned by Interstate through a subsidiary, was the only thing damaged due to an alleged defect in the product. However, a product itself is not "property" within the meaning of the term as used in the Product Liability Act. Accordingly, the trial court properly granted summary judgment in favor of GMC and against Interstate on Interstate's claims of strict liability and negligence under the Act. The judgment is affirmed.

Affirmed.

FRIEDLANDER, J., and RILEY, J., concur.

---

**2.** The parties discuss extensively whether the economic loss doctrine applies in this case. The economic loss doctrine limits a buyer to contract remedies when only economic losses are alleged. *See Martin Rispens,* 621 N.E.2d at 1089. Given our determination that the

product itself is not "property" within the meaning of the Act, we need not also address Interstate's contention that the economic loss doctrine does not apply to "sudden, major damage to property."