**ALLIED SIGNAL, INC., et al.,
Appellants–Defendants,**

v.

**Lucille HERRING, on her own behalf
and on behalf of the Estate of Loyd
Herring, deceased, Appellee–Plaintiff.**

No. 49A02–0008–CV–528.

Court of Appeals of Indiana.

Nov. 6, 2001.

Michael A. Bergin, Julia Blackwell Gelinas, Daniel M. Long, Locke Reynold LLP, Indianapolis, IN, Attorneys for Allied Signal, Inc.

Douglas King, James M. Boyers, Wooden & McLaughlin, Indianapolis, IN, Attorneys for Dresser Industries and Rapid–American Corp.

Susan E. Mehringer, Lisa Dillman, Lewis & Wagner, Indianapolis, IN, Attorneys for ACandS, Inc.

Timothy C. Ammer, Montgomery, Rennie and Johnson, Cincinnati, OH, Attorney for Navistar Transportation Corp.

Kenneth T. Roberts, Tasha R. Roberts, Roberts & Bishop, Indianapolis, IN, Attorneys for Ford Motor Corp.

Robert E. Paul, Paul Reich & Myers, Philadelphia, PA, Linda George, W. Russell Sipes, Laudig, George, Rutherford & Sipes, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

The "Asbestos Defendants"[1] bring this interlocutory appeal of the trial court's

---

1. The following entities filed a notice of appearance and/or signed the joint brief that was filed for the Asbestos Defendants: Allied Signal Inc., ACandS, Inc., Atlas Turner, Inc., Fargo Insulation Company, Inc., Navistar International Transportation Corp. (International Truck and Engine Corporation), Ford Motor Company, Dresser Industries, Owens–

denial of their motions for summary judgment[2] on a complaint filed by Lucille Herring, on her own behalf and as executrix of Loyd Herring's estate, for damages from Mr. Herring's wrongful death from exposure to asbestos. We affirm.

### Issue[3]

The Asbestos Defendants raise the following restated and consolidated issue for our review: whether the trial court properly denied summary judgment on the issue of whether the statute of repose bars Herring's claims.

### Facts and Procedural History

Loyd Herring worked for Cummins Engine Company, Inc. in Columbus, Indiana from 1942 until 1978, at which time he retired. In the course of his employment at Cummins, Mr. Herring was exposed to various forms of asbestos and asbestos-containing products.

In April of 1995, Mr. Herring was diagnosed with malignant mesothelioma, and in November of 1995, he died. Mr. Herring's wife, Lucille, on her own behalf and as executrix of Mr. Herring's estate, filed a complaint seeking damages for Mr. Herring's asbestos-related wrongful death against numerous defendants who allegedly manufactured and distributed asbestos and asbestos-containing products with which Mr. Herring came into contact while employed at Cummins. The Complaint was filed on December 26, 1996, which was within two years of both Mr. Herring's diagnosis and his death, but more than ten years after Mr. Herring's last alleged exposure to asbestos.

Several defendants moved for, or joined in motions for, summary judgment, alleging that the Complaint was barred by the ten-year statute of repose found at Indiana Code section 34–20–3–1. Moreover, the defendants asserted that the statute of repose exception found at Indiana Code section 34–20–3–2 applies only to persons who both mined and sold commercial asbestos, and because they did not mine commercial asbestos, the exception did not apply to them. The trial court denied the defendants' motions for summary judgment, summarizing the parties' contentions and its ruling as follows:

The Defendant manufacturers moved for summary judgment based upon their restricted view of [Indiana Code section 34–20–3–2]. They argue that [section 34–20–3–2(d)(1) ] should refer to only those persons who *both* mined and sold commercial asbestos. The Plaintiffs urged this Court to construe [section 34–20–3–2] to include manufacturers, thus precluding summary judgment. Their alternative argument was that a narrow interpretation of the statute was unconstitutional as applied....

This Court determines that based upon statutory construction rules, [section 34–20–3–2(d)(1) ] should be interpreted to mean those person who mined and those persons who sold commercial asbestos. First, this Court finds that the statute is ambiguous because it is capable of two interpretations. If one interpretation is constitutional and the other is not, the Court must interpret the statute to save the constitutionality. The Court *cannot* presume that the legislature "intended the language used in a statute was (a) to be applied in an

---

Corning Fiberglass Corp., and Rapid–American Corporation.

**2.** In addition, American Gas Furnace, United States Mineral Products Co., and PPG Industries, Inc. also filed motions for summary judgment which were denied. Moreover, the

trial court's summary judgment order pertains to Moog Automotive, Inc., and Universal Refractories. However, none of these parties are participating in this appeal.

**3.** The request for oral argument is hereby denied.

illogical manner, [or] (b) intended to do an absurd thing ... which can [ ] easily be avoided." The Court must be ever mindful of the *dominant general purpose* of both the statute in question and the Act within which it finds its home. The Defendant manufacturers urged this Court to add the word "both" to the statute to effectuate the General Assembly's intent. This Court finds that the word "both" is not *palpably* missing and thus declines to follow the Defendant manufacturers' direction.

This Court finds that [section 34–20–3–2(d)(1)] includes manufacturers as those persons who "sold commercial asbestos" because to find otherwise would produce an unconstitutional result. Mr. and [Mrs.] Herring had an *otherwise valid tort claim* that was not discoverable by Mr. Herring until after ten years had passed.... [T]he timing of the injury is the crucial element in determining whether a claim arises or is barred. Sections 12 and 23 of Article I of the Indiana Constitution require that [section 34–20–3–2] include manufacturers. To find otherwise would result in an anomaly....

**JUDGMENT**

For the foregoing reasons, this Court is compelled to interpret [Indiana Code section] 34–20–3–2(d)(1) as applying to persons who mined and persons who sold commercial asbestos. Upon declaring the statute to apply to manufacturers of asbestos-containing products, this Court is further compelled to DENY the collective Defendant manufacturers' Motions for Summary Judgment.

R. 879–81 (emphasis in original) (citations omitted).

The trial court's ruling was certified for interlocutory appeal and this court accepted jurisdiction. The Asbestos Defendants now appeal.

*Discussion and Decision* [4]

A. Summary Judgment
Standard of Review

 Our standard of review of a summary judgment order is well-settled: summary judgment is appropriate if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). Relying on specifically designated evidence, the moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *I/N Tek v. Hitachi Ltd.*, 734 N.E.2d 584, 586 (Ind.Ct.App.2000), *trans. denied.* If the moving party meets these two requirements, the burden shifts to the nonmovant to set forth specifically designated facts showing that there is a genuine issue for trial. *Id.* A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. *Gilman v. Hohman*, 725 N.E.2d 425, 428 (Ind.Ct.App. 2000), *trans. denied.* Even if the facts are undisputed, summary judgment is inappropriate where the record reveals an incorrect application of the law to the facts. *Id.*

 On appeal, we are bound by the same standard as the trial court, and we consider only those matters which were

. Navistar International was granted permission to file a separate brief. However, Navistar also joined in the Joint Appellants' Brief, and has not raised any strikingly different arguments in its separate brief. We therefore include Navistar's claims of error in our discussion herein. Navistar has also moved that this court accept its late filing of a reply brief. That motion is hereby granted.

designated at the summary judgment stage. *Interstate Cold Storage v. General Motors Corp.*, 720 N.E.2d 727, 730 (Ind.Ct. App.1999), *trans. denied.* We do not re-weigh the evidence, but we liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact for trial. *Estate of Hofgesang v. Hansford,* 714 N.E.2d 1213, 1216 (Ind.Ct.App.1999). The party that lost in the trial court has the burden to persuade the appellate court that the trial court erred. *Id.* Specific findings and conclusions by the trial court are not required, and although they offer valuable insight into the rationale for the judgment and facilitate our review, we are not limited to reviewing the trial court's reasons for granting or denying summary judgment. *Bernstein v. Glavin,* 725 N.E.2d 455, 458 (Ind.Ct.App.2000), *trans. denied.*

### B. Statute of Repose Exception

The instant causes of action for Mr. Herring's wrongful death and Herring's loss of consortium were filed within two years of Mr. Herring's diagnosis and death. However, his death occurred more than ten years after his last alleged exposure to asbestos-containing products. The Asbestos Defendants moved for summary judgment, arguing that the ten-year Products Liability statute of repose barred Herring's claims, and further arguing that the exception to the statute of repose did not apply to them because they did not

mine and sell commercial asbestos. *See* R. 132, 196, 199, 203, 268, 295, 448, 455, 494, 685. The trial court denied their motions, in a studied and thorough order,[5] finding that the only reasonable interpretation of the exception to the statute of repose is that it applies to persons who mined and persons who sold commercial asbestos; therefore, the Asbestos Defendants, who sold asbestos or asbestos-containing products, were subject to the exception.

Indiana Code section 34–20–3–1, the general statute of repose, provides that:

[A] product liability action must be commenced:

(1) within two (2) years after the cause of action accrues; or

(2) within ten (10) years after the delivery of the product to the initial user or consumer.

However, if the cause of action accrues at least eight (8) years but less than ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

Ind.Code § 34–20–3–1(b). However, Indiana Code section 34–20–3–2 excepts certain asbestos-related actions from the operation of section one's ten-year statute of repose. A product liability action based on personal injury, disability, disease, or death resulting from exposure to asbestos must be commenced within two years after the action accrues, without regard to the ten-year statute of repose. Ind.Code

---

**5.** The Honorable Kenneth Johnson of the Marion Superior Court issued a 126–page order denying the defendants' motions for summary judgment. At the time of Judge Johnson's order in this case, he noted that there were 367 cases that had been filed under the "Master Cause Number" in Marion County that is devoted to asbestos litigation and that eighty of those cases remained pending. Judge Johnson has handled many of those asbestos cases filed in Marion County and has

spent considerable time studying the law impacting those cases. Although we have noted above that the trial court is not obligated to make specific findings on summary judgment and that any such findings are not binding on this court, we accord some weight to Judge Johnson's thorough and well-reasoned findings given his level of involvement in asbestos litigation and given the fact that he was under no obligation to so clearly explain his rationale on this issue.

§ 34–20–3–2(a). For purposes of this section, "accrual" is defined as the date when the injured person knows that he or she has an asbestos-related disease or injury. Ind.Code § 34–20–3–2(b). The exception applies only to:

1) persons who mined and sold commercial asbestos; and

2) funds that have, as a result of bankruptcy proceedings or to avoid bankruptcy proceedings, been created for the payment of asbestos related disease claims or asbestos related property damage claims.

Ind.Code § 34–20–3–2(d).

■ If the exception applies to the Asbestos Defendants, then Herring's complaint, filed within two years of Mr. Herring's death, was ostensibly timely, and the trial court properly denied the Asbestos Defendants' motions for summary judgment. If the exception does not apply, then the more general statute of repose could be applicable. Therefore, we must first determine whether the Asbestos Defendants are subject to the exception. In this regard, the parties disagree over the meaning of the phrase "persons who mined and sold" as used in section 2. The Asbestos Defendants advocate reading the phrase to mean "persons who *both* mined and sold," whereas Herring would have us read the phrase to mean "persons who mined and *persons who* sold." The trial court found that Herring's interpretation of the statute was the correct one. We agree.

Recently, this court addressed the exact issue presented herein. In *Black v. ACandS, Inc., et al.,* 752 N.E.2d 148 (Ind. Ct.App.2001), the trial court had granted summary judgment to several defendants on the issue of the statute of repose. The plaintiff's husband therein had inhaled dust emitted from asbestos products in the course of his employment from 1956 to 1983 with USX Steel. He developed lung cancer and died in August of 1996. His widow filed an action for wrongful death within two years of his death. However, his death had occurred more than ten years after his last exposure to asbestos. The defendants argued that because they were not miners of asbestos, they were not "persons who mined and sold" asbestos and therefore were not subject to the statute of repose exception. The *Black* court held that "the exception applies to entities that mine commercial asbestos, even if they do not sell it, and to entities that sell commercial asbestos, even if they do not mine it." *Id.* at 155. Summary judgment for the defendants on the issue of the statute of repose was therefore reversed. *See also Jurich v. Garlock, Inc., et al.,* No. 45A03–0010–CV–366, op. at 6, 2001 WL 1243703, —— N.E.2d ——, —— (Ind.Ct. App. Oct. 18, 2001) ("[A]nother panel of this court recently interpreted Indiana Code Section 34–20–3–2(d)(1) to mean that the statute of repose exception was intended to apply 'to entities that sell commercial asbestos, even if they do not mine it.' That interpretation strikes us as reasonable." (Citation omitted)).

■ In agreeing with the *Black* panel, we note the following persuasive points: first, if the statute were to be read as the Asbestos Defendants urge, the words "and sold" would be superfluous. We doubt that there are entities which mine but do not sell asbestos, even if they sell the asbestos only to their own subsidiaries. In construing a statute, every word must be given effect and meaning where possible, and no part of the statute is to be held meaningless if it can be reconciled with the rest of the statute. *T.W. Thom Const., Inc. v. City of Jeffersonville,* 721 N.E.2d 319, 324 (Ind.Ct.App.1999). Construing the statute to apply to "persons who mined and persons who sold" gives effect to every word in the statute.

Moreover, section 2 was enacted to extend the general limitations period in express recognition of the long latency period associated with asbestos-related diseases and illnesses. Extending the limitations period only for the very few companies which both mine and sell asbestos would render the exception virtually meaningless, because all asbestos plaintiffs would be asserting their claims against the same few companies. The miners are not solely responsible for the dissemination of asbestos and asbestos-containing products into the marketplace where they come into contact with users or consumers of those products, and it would be illogical to read the statute of repose exception in a way which would assign sole responsibility to them.

### C. "Commercial Asbestos"

In their brief to this court, the Asbestos Defendants also assert that "[t]he trial court's holding in the context of the facts before it reveals that the trial court found 'commercial asbestos' to include asbestos containing products as well." Joint Appellants' Brief at 35. The Asbestos Defendants apparently are arguing that even if section 2 applies to "persons who sold," it is not applicable to them because they do not sell "commercial asbestos."

In a recent opinion of this court, another panel held that although section 2 should be read to apply to "persons who mined and persons who sold," in accordance with the *Black* holding, the use of the word "commercial" to modify asbestos means that the statute applies only to persons who mined or persons who sold raw processed asbestos that is then incorporated into other products, and was not intended to apply to persons who sold products which contained asbestos. *Jurich,* No. 45A03–0010–CV–366, op. at 6–8, —— N.E.2d at ——.

Without agreeing or disagreeing with the *Jurich* panel, we note that the issue of whether or not the Asbestos Defendants sold "commercial asbestos" was not presented to the trial court. Each of the motions for summary judgment were addressed to the statute of repose only. *See* R. 132 ("Based upon the undisputed facts in this asbestos product liability action, the Court should grant [Owens Corning] summary judgment because [Herring's] claims are barred by the applicable statute of repose."); R. 195 ("Allied Signal Inc. . . . requests that this Court grant summary judgment in its favor because [Herring's] claims are barred by the 10 year statute of repose found at Indiana Code § 34–20–3–1."). To the extent the phrase "commercial asbestos" was mentioned in any of the motions, it was mentioned only in the context of arguing that the defendants were not "persons who mined and sold commercial asbestos," and was not set forth as an independent reason why the statute of repose exception should not apply. *See* R. 199 ("Atlas [Turner, Inc.] herein never mined and sold commercial asbestos as delineated in Ind.Code § 34–20–3–2(d)(1). . . ."). At the hearing on the summary judgment motions, the parties addressed only the applicability of the exception as it applied to "persons who mined and sold" and the issue of whether they were also persons who mined and sold "commercial asbestos" was not discussed.

Although we may affirm the grant of summary judgment on any theory supported by the designated materials, whether or not such is the theory upon which the trial court granted summary judgment, we will not reverse the trial court's denial of summary judgment on a ground which was not first presented to the trial court. In this particular case, the parties made no argument to the trial court regarding whether the Asbestos De-

fendants sold "commercial asbestos," made no argument to the trial court regarding the definition of "commercial asbestos," and designated no evidence regarding the products each defendant sold and whether or not such products could be classified as "commercial asbestos." For purposes of this appeal, the issue of whether the Asbestos Defendants sold "commercial asbestos" is waived for failure to raise it first to the trial court, and we therefore decline to address whether the exception to the statute of repose is, in fact, inapplicable to the Asbestos Defendants because they do not sell "commercial asbestos."

### D. Constitutional Analysis

Because we hold that "persons who mined and persons who sold" is the proper interpretation of section 2, and because the issue of whether the Asbestos Defendants were persons who mined and sold "commercial asbestos" has been waived for purposes of this appeal for failure to raise it in the trial court, we need not delve into the constitutionality of the statute of repose. Judge Johnson entered his order in this case prior to the *Black* decision and was therefore without benefit of precedent to direct his interpretation of section 2. To the extent that Judge Johnson engaged in a constitutional analysis and found that interpreting section 2 in the manner we have now indicated is appropriate foreclosed the necessity of finding the statute of repose unconstitutional, we believe that his discussion was part of the rationale for his ultimate decision to interpret section 2 as applying to "persons who mined and persons who sold" commercial asbestos. On the record before us, section 2's exception to the statute of repose applies to the Asbestos Defendants and we therefore need not discuss whether applying the statute of repose would unconstitutionally deny Herring a remedy for her "otherwise valid tort claim."

*Conclusion*

We hold that the exception to the statute of repose applies to "persons who mined and persons who sold" commercial asbestos. Any argument regarding whether these defendants sell "commercial asbestos" is waived for failure to first raise the issue in the trial court. Because on this record the exception is applicable, we need not discern the constitutionality of the statute of repose as it would be applied to this case. The trial court properly denied summary judgment to the Asbestos Defendants on the issue of the statute of repose.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.