ALLIEDSIGNAL, INC., ACandS, Inc., A.W. Chesterton Co., Abex Corp., Ajax Magnethermic Corp., Amchem Products Inc., American Gas Furnace, Armstrong World Industries, Inc., Chicago Firebrick Co., Chrysler Corp., Clark Equipment Co., Corhart Refractories, Dap, Inc., Dresser Industries, Eaton Corp., Fargo Insulation Co., Inc., Flexitallic, Inc., Ford Motor Co., General Motors Corp., General Refractories Co., Great American Peterbilt, Guard Line Inc., Hercules Chemical Co., Inc., Hoosier Gasket, John Crane, Inc., McMaster–Carr Supply Co., Metropolitan Life Insurance Co., Navistar International, Owens–Corning Fiberglas Corp., Owens–Illinois, Inc., Pecora Corp., Ransome–Cush-

man–Ryan, Rutland Fire Clay, Sager Corp., Silicon Control Rectifier, T & N, PLC., T & N Industries, Inc., TAF International, Ltd., TBA Industrial Products, Turner and Newall, Ltd., Turner & Newall, PLC., Tennant Co., United States Gypsum Co., United States Mineral Products Co., Wagner Electric Co., Appellants (Defendants below),

v.

Lucille HERRING, on her own behalf and on behalf of the Estate of Loyd Herring, Deceased., Appellee (Plaintiff below).

No. 49S02–0303–CV–126.

Supreme Court of Indiana.

March 25, 2003.

Douglas B. King, James M. Boyers, Indianapolis, IN, Attorneys for Dresser Industries.

Michael A. Bergin, Julia Blackwell Gelinas, Daniel M. Long, Indianapolis, IN, Attorneys for AlliedSignal, Inc.

Timothy C. Ammer, Cincinnati, OH, Attorney for Navistar Transportation Corp.

Kenneth T. Roberts, Tasha R. Roberts, Indianapolis, IN, Attorneys for Ford Motor Co.

Susan E. Mehringer, Lisa Dillman, Indianapolis, IN, Attorneys for ACandS, Inc.

James E. Rocap, Jr., Jeffrey B. Fecht, Indianapolis, IN, Attorneys for Fargo Insulation Co., Inc.

Susan Gunty, Chicago, IL, Attorney for Ajax Magnathermic Corp.

Jon L. Williams, Indianapolis, IN, Janet E. Golup, Philadelphia, PA, Attorneys for Amici Curiae, Asbestos Corporation limited and Bell Asbestos Mines, Ltd.

W. Russell Sipes, Linda George, Kathleen Musgrave, Indianapolis, IN, Robert Paul, Philadelphia, PA, Attorneys for Appellees.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

Loyd Herring was employed at Cummins Engine Co., Inc., from 1942 to 1978 as a metallurgist and brake repairman. During the course of his employment, Mr. Herring was exposed to asbestos and asbestos-containing products.

Mr. Herring first became aware that he was experiencing a pulmonary health problem in January 1995. He was diagnosed with malignant mesothelioma on April 13, 1995. Mr. Herring died on November 22, 1995.

On December 26, 1996, Lucille Herring, Loyd Herring's wife, filed a complaint alleging that Mr. Herring's death was caused by his exposure to asbestos.

The Indiana General Assembly has enacted two statutes that limit the period of time within which individuals can file product liability claims. One of these statutes, Ind.Code § 34–20–3–1, generally applies to product liability claims and establishes a ten-year period of repose; we will refer to this statute as "Section 1." The second statute, Ind.Code § 34–20–3–2, specifically applies to certain asbestos liability claims; we will refer to this section as "Section 2." (We note that prior to recodification in 1998, Sections 1 and 2 appeared at Ind. Code § 33–1–1.5–5 and § 33–1–1.5–5, respectively.)

In the present case, the Defendants argue that Section 2 only applies to a limited class of defendants and that they do not fall within that class. As such, the Defendants contend that Ms. Herring must proceed against them under the more time restrictive Section 1. Ms. Herring responds that if Section 2(d) was restricted to miners and bankruptcy funds, it would create an impermissible privilege for solvent manufacturers under art. I, § 23 of the Indiana Constitution and that Section 1, when applied to asbestos plaintiffs, violates art. I, § 12.

The trial court agreed with Ms. Herring and construed Section 2(d)(1) to apply to both miners and manufacturers of commercial asbestos, thus denying the Defendants' Motions for Summary Judgment.

The Defendants filed a joint interlocutory appeal of the trial court's denial of their motions for summary judgment. The Indiana Court of Appeals affirmed the trial court, finding that Section 2 applied to persons who mined and persons who sold commercial asbestos. *Allied Signal, Inc. v. Herring,* 757 N.E.2d 1030, 1035–36 (Ind.Ct.App.2001).

We hold today in *AlliedSignal, Inc. v. Ott,* 785 N.E.2d 1068 (Ind.2003), that the Legislature consciously intended to subject to Section 2 only those entities that produce raw asbestos, while leaving those who sell asbestos-containing products within the ambit of Section 1. We also hold that the statutory scheme does not violate either art. I, § 12 or art. I, § 23, except in the limited circumstance where a reasonably experienced physician could have diagnosed the plaintiff with an asbestos-related illness or disease within the ten-year statute of repose, yet the potential plaintiff

had no reason to know of the diagnosable condition until the ten-year period had expired.

■ Our reasoning in that case applies here, and we reach the same result: since the evidence did not demonstrate that any of the Defendants mined commercial asbestos, Section 2 did not apply. Since Ms. Herring's claims do not fall under Section 2, the general ten-year statute of repose found in Section 1 applies. Given that Ms. Herring's claims were filed after the expiration of the period of repose, summary judgment for the Defendants was proper unless a reasonably experienced physician could have diagnosed Mr. Herring with an asbestos-related illness or disease within the ten-year statute of repose, yet Mr. Herring had no reason to know of the diagnosable condition until the ten-year period had expired. We direct the trial court to examine this possibility on remand.

### Conclusion

We grant transfer pursuant to Indiana Appellate Rule 58(A), thereby vacating the opinion of the Court of Appeals. We vacate the judgment of the trial court and remand for further proceedings consistent with this opinion.

SHEPARD, C.J., and BOEHM, J., concur.

DICKSON, J., dissents with separate opinion, in which RUCKER, J., concurs.

DICKSON, Justice, dissenting.

Asbestos-related cancer does not manifest itself until ten to twenty-five years after exposure. I believe that the General Assembly, for reasons of compassion, fairness, and justice enacted Indiana Code § 34–20–3–2 to provide relief for all asbestos victims from the general ten-year statute of repose in the Indiana Product Liability Act. Consistent with this legislative intent, I believe that the phrase "persons who mined and sold" means "persons who mined and persons who sold" and that "commercial asbestos" includes not only raw asbestos but also asbestos in commercial products. I further believe that, under the majority's restrictive construction of this section, application of the product liability statute of repose to the plaintiff's claims violates both Section 12 and Section 23 of Article 1 of the Indiana Constitution. My reasons are detailed in *AlliedSignal, Inc. v. Ott*, 785 N.E.2d 1068 (Ind.2003) (Dickson, J., dissenting).

RUCKER, J., concurs.