**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Oct 07 2014, 8:58 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GREGORY W. BLACK**
The Black Law Office
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**A. RICHARD M. BLAIKLOCK**
**RYAN J. VERSHAY**
**CHARLES R. WHYBREW**
Lewis Wagner, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JO ANN HACKER,                              )
                                            )
    Appellant-Defendant,               )
                                            )
        vs.                       )     No.  67A01-1405-MF-196
                                            )
BANK OF AMERICA, N.A., successor by         )
merger to BAC HOME LOANS                    )
SERVICING, LP, f/k/a COUNTRYWIDE,           )
                                            )
    Appellee-Plaintiff.                )

APPEAL FROM THE PUTNAM CIRCUIT COURT
The Honorable Matthew L. Headley, Judge
Cause No. 67C01-1208-MF-140

**October 7, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Jo Ann Hacker appeals the trial courts grant of summary judgment in favor of appellee the Bank of America, N.A. (BANA) regarding its complaint for foreclosure of note and mortgage. Hacker argues that whether she was an accommodation party is a genuine issue of material fact and contends that, as a matter of law, she never received any consideration for the promissory note she signed. Finding that Hacker is directly liable as a matter of law for her breach of the promissory note as a maker and borrower, we affirm.

FACTS

Dennis and Deborah Summerlot (the Summerlots) have lived at 2175 North County Road 550 East (the Property) in Fillmore since approximately 1998. Hacker is Deborah Summerlot's mother. On February 15, 2007, the Summerlots signed a quitclaim deed (2007 Deed) conveying the Property to Hacker and Dennis Summerlot as joint tenants with the right of survivorship.[1] The 2007 Deed was recorded in the Putnam County Recorder's Office on February 28, 2007.

Sometime following the 2007 Deed, the Summerlots asked Hacker to help them apply for a loan to refinance the Property. Hacker agreed, and, on May 20, 2008, Hacker and Dennis Summerlot executed and delivered a promissory note (Note) to Bean & Whitaker Corporation as lender (Original Lender) in the amount of $154,509 (Loan). Both Dennis Summerlot and Hacker signed the Note. Hacker signed the Note as

---

[1] Dennis Summerlot did not appeal the final judgment and is not a party to this appeal.

"Borrower." Appellant's App. p. 34. The Note stated that the Borrower's promise to pay was "in return for a loan received from lender." Id. at 32.

On the same day the Note was executed, Hacker and Dennis Summerlot executed, as "Borrowers," a mortgage (the Mortgage) in favor of Original Lender in consideration of, and as security for, the Loan. The mortgage provided that 1) the Borrowers had legal title to the estate conveyed and had the right to mortgage, grant, and convey the property, 2) the Borrowers "shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note," and 3) that the Borrowers' covenants and agreements would be joint and several. Id. at 36-42. Hacker initialed each page of the Mortgage and signed it.

Following the execution of the Note and Mortgage, Dennis Summerlot and Hacker failed to make the payments required by the Note. BANA is the assignee of the Mortgage and services the Loan. On August 15, 2012, BANA filed a complaint for foreclosure of note and mortgage against Hacker and Dennis Summerlot.

On January 14, 2013, BANA moved for summary judgment and a decree of foreclosure. Hacker opposed summary judgment, but Dennis Summerlot did not. In her response in opposition to summary judgment, Hacker argued that she did not own the Property and that "[c]onspiracy of all concerned renders [Hacker] with no consideration, no meeting of minds on contract, [and] no contract at all." Id. at 74.

On February 28, 2014, the trial court granted summary judgment in BANA's favor. It found that BANA was the holder and owner of the Mortgage, that Hacker had

3

received consideration for the contract, that Hacker had signed the Note and Mortgage, and that she was "at least a proper accommodating party." Id. at 15. The trial court determined that Hacker was required to pay the Note in the capacity in which she signed it and ordered a judgment in favor of BANA against Hacker and Dennis Summerlot in the amount of $181,611.35, plus six percent per diem interest thereafter. The trial court awarded BANA $6,941.60 in attorney fees.

Hacker now appeals.

DISCUSSION AND DECISION

When reviewing a grant of a motion for summary judgment, this court applies a well-settled standard of review. A trial court properly grants summary judgment when the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Indiana Trial Rule 56(C). The moving party bears the burden of specifically designating materials that make a prima facie showing that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Interstate Cold Storage, Inc. v. GMC, 720 N.E.2d 727, 729 (Ind. Ct. App. 1999). Once the movant meets these two requirements, the burden shifts to the nonmovant to set forth specifically designated facts showing a genuine issue for trial. Id. The nonmovant shows a genuine issue of fact "where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue." Id. at 730. Further, if the record reveals an incorrect application of the

4

law to undisputed facts, summary judgment is inappropriate. Gen. Accident Ins. Co. of Am. v. Hughes, 706 N.E.2d 208, 210 (Ind. Ct. App. 1999).

Hacker argues that she did not own the Property that secured the Note and that she received no consideration for her promise to pay. She maintains that, due to the lack of ownership and consideration, no binding contract exists.

The trial court did not determine whether or not Hacker was a borrower. Instead, it found that she was "at least a proper accommodating party." Appellant's App. p. 15. We may affirm the trial court's grant of summary judgment on any basis supported by the record. Boushehry v. City of Indianapolis, 931 N.E.2d 892, 895 (Ind. Ct. App. 2010). We find that the record supports a finding of summary judgment in favor of BANA because Hacker was a borrower and maker of the Note and directly liable for its breach.

Failure to pay the amount due under a promissory note constitutes a breach of contract. Estate of Hofgesang v. Hansford, 714 N.E.2d 1213, 1217 (Ind. Ct. App. 1999). The elements of a breach of contract are 1) the existence of a contract, 2) the defendant's breach thereof, and 3) damages. McKeighen v. Davies County Fair Bd., 918 N.E.2d 717, 721 (Ind. Ct. App. 2009). The basic requirements for a contract are offer, acceptance, consideration, and a meeting of the minds of the contracting parties. Conwell v. Gray Loon Outdoor Mktg. Grp, Inc., 906 N.E.2d 805, 812-13 (Ind. 2009). Whether a contract exists is a question of law. Id.

Hacker does not argue that there was no offer or acceptance, instead, she argues that she received no consideration for the Note: "nothing, no money, no home."

Appellant's Br. p. 12. Consideration consists of any bargained-for exchange. B-Dry Owners Ass'n v. B-Dry Sys., Inc., 636 N.E.2d 161, 163 (Ind. Ct. App. 1994). To constitute consideration, there must be a benefit accruing to the promisor or a detriment to the promisee. Id.

Here, the Note, which Hacker admitted she executed and promised to pay, states, "in return for a loan received from Lender, Borrower promises to pay the principal sum of One Hundred Fifty Four Thousand Five Hundred Nine and no/100 . . . plus interest, to the order of Lender." Appellant's App. p. 32. Here, the loan given by Original Lender was valid consideration for Hacker's promise to pay. The unambiguous terms of the Note show a bargained-for exchange. The Loan was used to refinance the Property she owned, and allowed her to maintain her interest, conferring a direct benefit.

Hacker argues that she did not, in fact, receive this direct benefit because she did not actually own the Property. However, the evidence shows otherwise. The 2007 Deed conveying the Property to Hacker and Dennis Summerlot as joint tenants was recorded in 2007. Appellant's App. p. 124. Hacker maintains that she does not own the Property because delivery of the 2007 deed was never accomplished. However, it is clear that the Summerlots intended to vest title in Hacker. See Bellin v. Bloom, 217 Ind. 656, 28 N.E.2d 53, 57 (Ind. 1940) (holding that, regarding delivery of a deed, "it is clear beyond controversy that the intentional recording of a deed, with the intention of vesting the title in the grantee, is conclusive"). With respect to Hacker's acceptance, in general, acceptance may be presumed from the beneficial nature of the transaction. Stewart v.

6

Weed, 11 Ind. 92, 94 (Ind. 1858). Further, Hacker signed the Note and the Mortgage, representing in both documents that she owned the Property. See id. (acceptance may be presumed and actions indicating ownership strengthen that presumption). Additionally, Hacker offers no evidence to show that she did not own the Property. In her affidavit, Hacker does not state that she did not own the Property, she only asserts that she "did not realize" she owned the Property when she signed the Note. Appellant's App. p. 79. However, until the Note was breached, Hacker behaved as if she owned the Property, attesting that she did in the Note and Mortgage. Under these circumstances, we find there is no issue of material fact as to whether Hacker owned the Property or received consideration.

Hacker also seems to argue that BANA failed to specifically designate evidence as required by Trial Rule 56(C), which states "[a]t the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion." Here, BANA designated a record containing the complaint, the summons and its return, an affidavit of debt, and affidavit of attorney fees, a notice of hearing, and the 2007 Deed; these documents were not voluminous. Appellant's App. p. 72. This designation was sufficient to apprise the trial court of the specific material on which BANA relied for relief. See Mid State Bank v. 84 Lumber Co., 629 N.E.2d 909, 913 (Ind. Ct. App. 1994) (holding that, "as long as the trial court is

apprised of the specific material on which the parties rely either in support of or in opposition to the motion then the designation requirement has been met").

The judgment of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.