## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 14 2017, 9:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Julianne Johnson<br>Plainfield, Indiana | Ross J. Lerch<br>Fenton & McGarvey Law Firm, P.S.C.<br>Louisville, Kentucky |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Julianne Johnson,<br>*Appellant-Defendant,*<br><br>v.<br><br>Portfolio Recovery Associates, LLC,<br>*Appellee-Plaintiff* | June 14, 2017<br><br>Court of Appeals Case No.<br>32A05-1611-CC-2570<br><br>Appeal from the Hendricks Superior Court<br><br>The Honorable Stephenie LeMay-Luken, Judge<br><br>Trial Court Cause No.<br>32D05-1603-CC-280 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Julianne Johnson appeals the trial court's grant of summary judgment in favor of Portfolio Recovery Associates, LLC. Finding no error, we affirm.

# Facts and Procedural History

[2] In February 2013 Johnson opened a credit-card account with Synchrony Bank. The card was labeled as an Amazon.com credit card. Johnson used the credit card and received multiple statements from Synchrony Bank. The account statement with a closing date of September 26, 2014, showed that $50 had been paid toward Johnson's outstanding balance. The account statement with a closing date of November 27, 2014, showed that Johnson had an outstanding balance of $738.02. One month later, Synchrony Bank sold Johnson's debt to Portfolio.

[3] Portfolio filed suit against Johnson in March 2016 for the outstanding balance. In July, Portfolio sent Johnson discovery requests, including requests for admission pursuant to Indiana Trial Rule 36(A). The requests for admission included statements that the underlying debt was Johnson's, that the account statements sent by Synchrony Bank to Johnson were authentic, and that the outstanding balance was owed to Portfolio. Appellee's App. pp. 23-25. Johnson did not respond, so the matters set forth were deemed admitted pursuant to Trial Rule 36(A). Furthermore, Johnson did not seek to withdraw

her admissions under subsection (B) of the rule.  Portfolio then moved for summary judgment, which the trial court granted.

[4]     Johnson now appeals.

# Discussion and Decision

[5]     We review the trial court's summary judgment order de novo.  *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).  Summary judgment is appropriate if there is "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  Ind. Trial Rule 56(C).  The moving party bears the burden to make a prima facie showing that these two requirements have been met. *Interstate Cold Storage, Inc. v. Gen. Motors Corp.*, 720 N.E.2d 727, 729 (Ind. Ct. App. 1999), *trans. denied*.  If the moving party establishes its prima facie case, the burden then shifts to the non-moving party to "set forth specifically designated facts showing that there is a genuine issue for trial." *Id.*

[6]     Indiana Trial Rule 36 permits parties to serve one another with requests for admission.  If a party does not respond to a request for admission, that matter is deemed admitted.  "However, a party who made admissions by failing to respond may move to withdraw those admissions pursuant to [Trial Rule] 36." *Larson v. Karagan*, 979 N.E.2d 655, 660 (Ind. Ct. App. 2012).  "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."  Ind. Trial Rule 36(B).

[7]     Johnson challenges the authenticity of the billing statements and the assignment of the outstanding balance to Portfolio. In its requests for admission, Portfolio specifically asked about the authenticity of the billing statements and the assignment of the debt to Portfolio. Johnson did not answer the requests, and she never asked the court to withdraw her admissions. The issues Johnson raises were conclusively established when she failed to respond to Portfolio's requests for admission and did not ask the trial court to withdraw her admissions. The trial court properly granted summary judgment in favor of Portfolio.[1]

[8]     Affirmed.

Bailey, J., and Robb, J., concur.

---

[1] Johnson also challenges the sufficiency of an affidavit Portfolio submitted regarding its ownership of the debt. We do not address this argument as Johnson admitted Portfolio's ownership of the debt when she failed to answer the requests for admission. *See* Appellee's App. pp. 23-25 ("Request No. 11: That all charges, interest, fees, and penalties assessed to the account are due and payable to Plaintiff. Request No. 12: That Defendant is responsible to Plaintiff for the principal amount of $738.02 plus court costs.").