**I/N TEK, an Indiana General Partnership and I/N Kote, an Indiana General Partnership, Appellants–Plaintiffs,**

v.

**HITACHI, LTD., a Japanese Corporation, Appellee–Defendant.**

**No. 71A03–9905–CV–204.**

Court of Appeals of Indiana.

May 4, 2000.

Transfer Denied Aug. 15, 2000.

---

John B. McCabe, Paul T. Falk, Edward M. Kay, Clausen, Miller, P.C., Chicago, Illinois, Karl L. Mulvaney, Bingham, Summers Welsh & Spilman, Indianapolis, Indiana, Attorneys for Appellant.

Wayne C. Kreuscher, John P. Fischer, Barnes & Thornburg, Indianapolis, Indiana, Joseph R. Fullenkamp, Barnes & Thornburg, South Bend, Indiana, Attorneys for Appellee.

## OPINION

ROBB, Judge

I/N Tek appeals from the trial court's grant of summary judgment in favor of Hitachi, Ltd. on I/N Tek's complaint. We affirm.

### Issues

I/N Tek raises for our review a single issue: whether the trial court properly granted summary judgment for Hitachi on I/N Tek's complaint for negligence and product liability upon finding that the Indiana Product Liability Act (the "Act") requires damage to property other than the product itself.

### Facts and Procedural History [1]

I/N Tek operates a tandem steel mill in New Carlisle, Indiana. Hitachi manufactured and supplied the equipment comprising the tandem steel mill. The tandem mill consists of four internal chambers or "stands" through which steel passes when it is processed. The stands are numbered one through four and are encased in a single housing. Each stand contains several work rolls, which are cylindrical parts that move the steel through the tandem mill. A reel is attached at the back of the housing onto which the steel is wound after it has passed through all four stands. The four internal stands and the reel are

---

1. I/N Tek's request for oral argument is hereby denied.

component parts of the tandem mill, not severable from the tandem mill, and unable to function in a stand-alone capacity.

On February 19, 1995, a shaft attached to a pinion gear which is a component part of the tandem mill's number one stand failed, causing damage to the tandem mill and its component parts and shutting down production for a period of time. No one suffered personal injury as a result, although a steel coil owned by Inland Steel Company was in process at the time of the failure and was damaged.

I/N Tek filed the instant lawsuit against Hitachi alleging product liability and negligence.[2] Hitachi moved for summary judgment, alleging that the undisputed material facts were that I/N Tek suffered no damage other than to the tandem mill itself and therefore was precluded from proceeding under the Act. I/N Tek responded that the Act does not require damage to other property when the damage was "sudden and major," as this was, and further, that even if such damage was required, some parts of the tandem mill that were damaged were replacement parts not manufactured by Hitachi. The trial court entered summary judgment for Hitachi, making the following relevant findings of fact:

> Having considered the matter, the court grants the Motion [for Summary Judgment] as to Count I [Product Liability] of [I/N Tek's] complaint, filed on February 13, 1997. There is no genuine issue concerning the following material facts:
>
> That [I/N Tek] owned the Number 1 Mill Stand on February 19, 1995;
>
> That [I/N Tek] did not own the steel coil damaged as a result of the breakdown of the Mill Stand;
>
> That [I/N Tek] "suffered no damage to real or personal property in connec-

> tion with the failure of the pinion gear ..."; and
>
> That [I/N Tek's] damages consist of repair costs for the Number 1 Mill Stand and lost profits during repair.
>
> That the damaged work and mill rolls were apparently replacement parts not manufactured by Hitachi, ... does not alter the undisputed fact that they were part and parcel of the "product," the Number 1 Mill Stand.
>
> The court concludes that the defendant, Hitachi Ltd., is entitled to judgment upon Count I as a matter of law.

R. 272–73.[3] I/N Tek now appeals.

### Discussion and Decision

#### I. Standard of Review

Our standard of review of a summary judgment order is well-settled: summary judgment is appropriate if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). Relying on specifically designated evidence, the moving party bears the burden of showing prima facie that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Estate of Pflanz v. Davis*, 678 N.E.2d 1148, 1150 (Ind.Ct.App. 1997). If the moving party meets these two requirements, the burden shifts to the nonmovant to set forth specifically designated facts showing that there is a genuine issue for trial. *Id.* A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. *Downs v. Panhandle Eastern Pipeline Co.*, 694 N.E.2d 1198, 1200 (Ind.Ct.App.1998), *trans. denied.* Even if the facts are undis-

---

**2.** I/N Kote was also named as a plaintiff in this complaint, but is not a party to this appeal.

**3.** The trial court also granted summary judgment on Count II of I/N Tek's complaint, alleging negligence. I/N Tek does not appeal this judgment.

puted, summary judgment is inappropriate where the record reveals an incorrect application of the law to the facts. *General Accident Ins. Co. of Am. v. Hughes,* 706 N.E.2d 208, 210 (Ind.Ct.App.1999), *trans. denied.*

On appeal, we are bound by the same standard as the trial court, and we consider only those matters which were designated at the summary judgment stage. *Pflanz,* 678 N.E.2d at 1151. We liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact for trial. *Dunifon v. Iovino,* 665 N.E.2d 51, 55 (Ind.Ct.App.1996), *trans. denied.* The party that lost in the trial court has the burden to persuade the appellate court that the trial court erred. *Id.* Specific findings and conclusions by the trial court are not required, and although they offer valuable insight into the rationale for the judgment and facilitate our review, we are not limited to reviewing the trial court's reasons for granting or denying summary judgment. *Jones v. Western Reserve Group,* 699 N.E.2d 711, 714 (Ind.Ct.App. 1998), *trans. denied.* A grant of summary judgment may be affirmed upon any theory supported by the designated materials. *Sims v. Barnes,* 689 N.E.2d 734, 735 (Ind. Ct.App.1997), *trans. denied.*

## II. Damage to Product Alone

In granting summary judgment for Hitachi, the trial court found that "the essential issue is whether the statute applies to damage to the defective article itself." R. 274. The trial court considered the statutory definitions of "physical harm" and "product," as well as the language employed in the following "operative section" of the Act:

[A] person who sells ... any *product* in a defective condition unreasonably dangerous to any user or consumer or to the user or consumer's *property* is subject to liability for physical harm caused by that *product* to the user or consumer

or to the user's or consumer's *property* ....

Ind.Code § 34–20–2–1 (emphasis added). The trial court reasoned that, in this section, "the defective 'product' (a defined term) is used as what might be characterized as the culprit and 'property' as the victim ...." R. 274. Accordingly, the trial court concluded that " 'property' is separate from the 'product[,]' " and that Hitachi was entitled to summary judgment. R. 275.

I/N Tek contends that where the damage is "sudden and major" the Act allows recovery regardless of whether only the product itself or the product in addition to other property is damaged. This same issue was addressed by this court in *Interstate Cold Storage, Inc. v. General Motors Corp.,* 720 N.E.2d 727 (Ind.Ct.App.1999), *trans. denied.* In *Interstate,* we held that even "sudden, major damage" is insufficient to support recovery under the Act when the only damage alleged is to the product itself. *Id.* at 731. I/N Tek urges us to re-evaluate this holding in light of the statutory construction arguments it has raised on appeal. *See* Reply Brief of Appellant I/N Tek at 1–2 (attaching as an appendix the appellant's brief in *Interstate* and asserting that the various statutory construction arguments I/N Tek has made were not presented to this court in *Interstate* ).

We have carefully considered the arguments raised by I/N Tek in this appeal, but are still persuaded that the language of the Act itself, together with our supreme court's opinion in *Martin Rispens & Son v. Hall Farms,* 621 N.E.2d 1078 (Ind.1993), compels the *Interstate* holding. As the Supreme Court stated in *East River S.S. Corp. v. Transamerica Delaval, Inc.,* "[e]ven when the harm to the product itself occurs through an abrupt, accident-like event, the resulting loss due to repair costs, decreased value, and lost profits is essentially the failure of the purchaser to receive the benefit of its bargain—tradi-

tionally the core concern of contract law." 476 U.S. 858, 870, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986). For the reasons stated in *Interstate,* we again hold that the Act requires damage to property other than the product itself.

### III. Damage to Other Property

In *Interstate,* there was no evidence that any of Interstate's property other than the product itself was damaged. Here, in its response to summary judgment, I/N Tek designated evidence that some of the component parts of the tandem mill were replacement parts not manufactured by Hitachi. These parts were damaged and had to be replaced at a cost in excess of $80,000. The trial court found that, because they were component parts, these replacement parts were "part and parcel" of the tandem mill and did not constitute "other property."

In *East River S.S. Corp.,* the Supreme Court held that an admiralty tort plaintiff could not recover for physical damage a defective product causes to the "product itself"; but can recover for physical damage the product causes to "other property." 476 U.S. at 871, 106 S.Ct. 2295. In so doing, the Court noted and ultimately adopted the "majority land-based approach" which holds that preserving a role for the law of warranty precludes imposing tort liability if a defective product causes purely economic harm. *Id.* at 868, 106 S.Ct. 2295; *see Seely v. White Motor Co.,* 63 Cal.2d 9, 45 Cal.Rptr. 17, 403 P.2d 145 (1965). The Court, in holding that a product liability theory of recovery was unavailable for the first three counts of the plaintiff's complaint, noted that those counts alleged that defective turbine components damaged only the turbines themselves, and stated that because "each turbine was supplied by [defendant] as an integrated package, each is properly regarded as a single unit. 'Since all but the very simplest of machines have component parts, [a contrary] holding would require a finding of "property damage" in virtually

every case where a product damages itself. Such a holding would eliminate the distinction between warranty and strict products liability.'" *Id.* at 867, 106 S.Ct. 2295 (quoting *Northern Power & Eng'g Corp. v. Caterpillar Tractor Co.,* 623 P.2d 324, 330 (Alaska 1981)). Hitachi contends that *East River S.S. Corp.* instructs that damage to the component parts, regardless of their origin, is not damage to "other property ."

We agree with Hitachi. Although the parts were not originally part of the tandem mill and were not manufactured by Hitachi, they were integral to the mill. None of the component parts of the mill, including the replacement parts, were able to stand alone. We consider "other property" to be that which is wholly outside and apart from the product itself. Thus, the damage caused to the replacement parts of the tandem mill is not sufficient to constitute physical harm to I/N Tek's property within the meaning of Indiana's Product Liability Act, and the trial court did not err in granting Hitachi's motion for summary judgment.

### Conclusion

The undisputed material facts in this case are that the tandem mill owned by I/N Tek and manufactured by Hitachi suffered damage as a result of a defect in the product itself. However, only the mill itself and its component parts were damaged. Therefore, Indiana's Product Liability Act does not cover I/N Tek's loss. The trial court properly granted summary judgment in favor of Hitachi and against I/N Tek on I/N Tek's claims under the Act. The judgment is affirmed.

Affirmed.

BROOK, J., and NAJAM, J., concur.