# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JOSEPH G. STRIEWE**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
MIKE SCHELLENBERGER:

**MARK S. GRAY**
Doyle Legal Corporation, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE LAWYERS
TITLE INSURANCE CORPORATION:

**MARY A. SLADE**
Plunkett Cooney, P.C.
Indianapolis, Indiana

FILED
Apr 04 2012, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CALVIN HAIR, | ) |
| | ) |
| Appellant/Defendant/Crossclaimant/ | ) |
| Counterclaimant, | ) |
| | ) |
| vs. | )   No. 49A02-1107-PL-685 |
| | ) |
| MIKE SCHELLENBERGER, | ) |
| | ) |
| Appellee/Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| LAWYERS TITLE INSURANCE | ) |
| CORPORATION, WELLS FARGO BANK, | ) |
| N.A., FELIX ADEJARE, and SHARON | ) |
| ADEJARE, | ) |
| | ) |
| Appellees/Third-Party Defendants. | ) |

**April 4, 2012**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

This is a dispute over who has superior title to a piece of property on Talbott Street in Indianapolis ("the Talbott Street Property"). When Mike Schellenberger purchased the Talbott Street Property at a foreclosure sale, the title search did not show a money judgment that Calvin Hair had obtained against former owners Felix and Sharon Adejare (collectively, "the Adejares"). The judgment had never been indexed in the county records, and Schellenberger was unaware of it until a year later, when Hair sent him a letter claiming that he had a judgment lien on the Talbott Street Property. Schellenberger subsequently filed an action against Hair to remove the cloud on the title. Schellenberger, his lender, and his title company (collectively, "the Appellees") sought summary judgment on the basis that Schellenberger was a bona fide purchaser ("BFP") as a matter of law. Hair filed a motion for partial summary judgment, seeking a declaratory judgment that the Adejares had fraudulently conveyed the Talbott Street Property and that he had a judgment lien giving him superior title.

The trial court denied Hair's motion for partial summary judgment and granted the Appellees' motions for summary judgment. Hair appeals, claiming that the Adejares

2

fraudulently conveyed the Talbott Street Property and that his judgment against the Adejares constituted a valid judicial lien of which the Appellees should have been aware. Finding that Hair's judgment was outside the chain of title and that Schellenberger was a BFP as a matter of law, we affirm the trial court's decision in all respects.[1]

**Facts and Procedural History**

In December 2003, Sharon Adejare purchased the Talbott Street Property. On January 5, 2004, she and her husband Felix Adejare gave a mortgage on the property to Argent Mortgage Company, LLC ("Argent"), and Argent recorded the mortgage on January 28, 2004. On August 16, 2005, Argent assigned the mortgage to Deutsche Bank National Trust Company ("Deutsche Bank"). On November 25, 2005, Sharon transferred the Talbott Street Property and three other parcels to the Aaron et Mosley Land Trust (the "Land Trust") via quitclaim deed, and the deed was recorded on July 28, 2006.

On April 24, 2006, Homecomings Financial Network, Inc. ("Homecomings"), obtained a foreclosure judgment against Sharon Adejare on a parcel located at 1512 North Alabama Street ("the Alabama Street Property"). As a crossclaimant in that action, Hair obtained a money judgment against the Adejares for $139,800.89. Although Homecomings' judgment was indexed on the county docket, the clerk of the court did not separately index Hair's judgment at that time.

---

[1] Hair has filed a motion for oral argument, which we deny in an order issued contemporaneously with this decision.

3

On December 21, 2006, Deutsche Bank foreclosed on the Talbott Street Property and obtained a default judgment against the Adejares, the Land Trust, Homecomings, and "ALL OCCUPANTS AND/OR TENANTS WHOSE NAMES ARE UNKNOWN." Schellenberger's App. at 46. Deutsche Bank took ownership of the property via sheriff's deed. On September 26, 2007, after hiring Lawyers Title Insurance Corporation ("Lawyers Title") to conduct a title search on the Talbott Street Property, Schellenberger purchased the foreclosed property from Deutsche Bank. Schellenberger recorded the special corporate warranty deed on October 25, 2007. Schellenberger financed the purchase with a mortgage given to Provident Financial, LLP ("Provident Funding"), and subsequently assigned to Wells Fargo Bank, N.A. ("Wells Fargo"). Also in 2007, Sharon Adejare filed a voluntary bankruptcy petition.

In a letter to Schellenberger dated October 6, 2008, Hair claimed that he had a judgment lien against the Talbott Street Property. On November 7, 2008, Schellenberger filed an action to remove the cloud on the title to the Talbott Street Property, naming Hair, Lawyers Title, and Deutsche Bank as defendants. On February 5, 2009, Sharon Adejare received a general discharge in her Chapter 7 bankruptcy proceeding. On July 31, 2009, Hair's 2006 judgment against the Adejares was indexed in the county records.

In May 2010, Hair filed a crossclaim against the Adejares and a counterclaim against Schellenberger and mortgage lender Provident Funding. He also added as a counterclaim defendant Wells Fargo, the assignee of Schellenberger's mortgage. After numerous motions and a change of judge, Schellenberger, Wells Fargo, and Lawyers Title filed motions for

summary judgment against Hair, and Hair filed a cross-motion for partial summary judgment on the issue of whether the Adejares fraudulently conveyed the Talbott Street Property to the Land Trust.

On May 27, 2011, following a hearing on the motions, the trial court granted the Appellees' motions for summary judgment, finding that Schellenberger was a BFP as a matter of law, that Hair's lien was nullified, and that Wells Fargo's mortgage was therefore not subject to Hair's lien claim. The trial court simultaneously denied Hair's motion for partial summary judgment on the issue of fraudulent conveyance. Hair filed a motion to correct error, which the trial court denied on June 30, 2011. As part of that order, the trial court dismissed Hair's claims against Deutsche Bank by stipulation. This appeal ensued.[2] Additional facts will be provided as necessary.

## Discussion and Decision

### *Standard of Review*[3]

We review the trial court's decision to grant or deny summary judgment using the same standard as the trial court. *Woman Enters., Inc. v. Boone County Solid Waste Mgmt. Dist.*, 805 N.E.2d 369, 373 (Ind. 2004). A motion for summary judgment is properly granted only when the pleadings and designated evidence reveal that there is no genuine issue of

---

[2] The Adejares, Wells Fargo, and Provident Funding have not filed appellate briefs and are not participating in this appeal.

[3] It is unclear whether Hair is challenging the trial court's denial of his motion to correct error or the trial court's decision to grant the Appellees' motions for summary judgment and to deny his partial motion for summary judgment. However, because his motion to correct error was based on the trial court's summary judgment rulings, we review this appeal using the standard applicable to summary judgment rulings.

material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Bank of New York v. Nally*, 820 N.E.2d 644, 648 (Ind. 2005). In determining whether issues of material fact exist, we must accept as true those facts established by evidence favoring the nonmoving party and resolve all doubts against the moving party. *Id*. A trial court's decision to grant summary judgment is clothed with a presumption of validity, and the appellant bears the burden of proving that the trial court erred. *Alexander v. Marion County Sheriff*, 891 N.E.2d 87, 92 (Ind. Ct. App. 2008), *trans. denied* (2009). Where, as here, parties have filed cross-motions for summary judgment, we apply the same standard and consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Id*.

### I. Hair's Motion for Partial Summary Judgment

Hair first contends that the trial court erred in denying his motion for partial summary judgment on the issue of the Adejares' alleged fraudulent conveyance.[4] At the outset, we address Lawyers Title's argument that Hair's fraudulent conveyance claim is time-barred. Indiana's Uniform Fraudulent Transfers Act ("UFTA") sets a statute of limitations at the later of four years after the transfer was made or one year after the transfer was or could reasonably have been discovered by the claimant. Ind. Code § 32-18-2-19. Lawyers Title

---

[4] We note Schellenberger's argument that we lack subject matter jurisdiction to decide this issue because the trial court's denial of a motion for summary judgment is not a final appealable order. *See Cardiology Assocs. of Nw. Ind. v. Collins*, 804 N.E.2d 151, 154-55 (Ind. Ct. App. 2004) (stating that order denying motion for summary judgment is not final appealable order, since no rights have been foreclosed, but instead, have been held in abeyance pending ultimate determination by trier of fact). Here, the trial court made an ultimate determination when it granted full summary judgment in favor of the Appellees. Thus, we may address the denial of Hair's motion for partial summary judgment in this appeal.

argues that Hair failed to raise this issue within the required timeframe. In this vein, we note that Hair did not raise a fraudulent conveyance claim or file any notice of objection to discharge during the pendency of Sharon Adejare's Chapter 7 bankruptcy proceedings, which extended from 2007 to 2009. Tr. at 32. Thus, he did not officially raise the fraudulent conveyance issue until his May 2010 crossclaim against the Adejares. This was more than four years after their November 2005 conveyance to the Land Trust and more than one year after their July 2006 recording of the deed, which was the date upon which Hair could have reasonably discovered the transfer. Consequently, Hair's fraudulent conveyance crossclaim is time-barred.

Timing issues notwithstanding, a fraudulent conveyance is a contract for the sale or conveyance of property with intent to hinder or delay creditors. *Edwards v. Haverstick*, 53 Ind. 348, 351 (1876). Such a conveyance "is illegal as to creditors only. As between the parties, and as to all others than creditors, it is legal and valid, and can be enforced in all of its terms as any other contract." *Id.* Indiana Code Section 32-18-2-18(a) states, "A transfer or an obligation is not voidable under Section 14(1) of this chapter against a person who took in good faith and for a reasonable equivalent value or against any subsequent transferee or obligee." As discussed in detail below, Schellenberger is a BFP and thus is not subject to avoidance of the transfer of the Talbott Street Property from the Adejares to the Land Trust. Lawyers Title's search of the chain of title on behalf of Schellenberger did not require inquiry into the legitimacy of the Adejares' transfer of the property to the Land Trust. Thus, even if Hair had filed a timely claim and even if the Adejares' act of transferring the Talbott

7

Street Property to the Land Trust was fraudulent, the transfer was not voidable vis-à-vis Schellenberger. As such, the trial court did not err in denying Hair's motion for partial summary judgment.

## II. *Appellees' Motions for Summary Judgment*

Hair also challenges the trial court's decision to grant the Appellees' motions for summary judgment. We note that the trial court issued findings of fact and conclusions of law. Although specific findings and conclusions are not required in summary judgment orders and are therefore nonbinding, they offer valuable insight into the rationale for the judgment and facilitate our review. *I/N Tek v. Hitachi, Ltd.*, 734 N.E.2d 584, 587 (Ind. Ct. App. 2000), *trans. denied*.

In granting the Appellees' motions for summary judgment, the trial court found in part,

> 4. Defendant Calvin Hair (Hair) obtained a judgment against both Adejares by way of an entry dated April 24, 2006 in Cause No. 49D07 0505 MF 19445 (Marion Superior Court), but not recorded until July 31, 2009, as the result of an error in the Office of the Marion County Clerk. While Hair had a valid judgment against the Adejare's [sic] between April 24, 2006 and July 31, 2009, that lien was not a lien of record as to any bona fide purchaser for value during that period.

> 5. On and after July 28, 2006 there was on file in the Office of the Recorder of Marion County, Instrument No. 2006-113567 which is a quitclaim deed dated November 25, 2005 that describes the subject property, and shows Sharon Adejare and Felix Adejare as grantors and the Aaron et Mosley Land Trust as grantee. Calvin Hair maintains that this conveyance was fraudulent, which has no bearing on the Schellenberger claim.

> 6. Schellenberger purchased the subject property for value and received a deed from Deutsche Bank dated September 26, 2007 and recorded October 25, 2007 as Instrument No. 2007-152942. 7. [sic] At the time of

8

Schellenberger's purchase and the deed to him, the chain of title with respect to the property shows that the Adejares were out of title prior to the rendition of Hair's judgment.

7. There is no genuine dispute as to any material fact articulated in the brief filed in support of summary judgment and necessary to support an entry of judgment. Plaintiff Schellenberger is entitled to judgment in his favor as a matter of law.

8. As a matter of law, Schellenberger is a bona fide purchaser of the property. Hair obtained no lien or interest superior to that of Schellenberger; Schellenberger acquired the property free and clear of Hair's claim.

Appellant's App. at 22-23.

Specifically, Hair challenges the trial court's finding that Schellenberger was a BFP of the Talbott Street Property. To qualify as a BFP, one must purchase in good faith, for valuable consideration, and without notice of the outstanding rights of others. *Nally*, 820 N.E.2d at 648. Hair focuses his challenge not on the consideration or good faith requirements, but on whether Schellenberger had notice of Hair's outstanding right against the Talbott Street Property. "A purchaser of real estate is presumed to have examined the records of such deeds as constitute the chain of title thereto under which he claims, and is charged with notice, actual or constructive, of all facts recited in such records showing encumbrances, or the non-payment of purchase-money." *Id*. (citations and quotation marks omitted).

In a title search, the prospective purchaser or his abstractor assesses the marketability of title to a tract of land by determining the "chain of title." Beginning with the person who received the grant of land from the United States, the purchaser or abstractor traces the name of the grantor until the conveyance of the tract in question. The particular grantor's name is not searched thereafter. As the process is repeated, the links in the chain of title are forged.

9

*Szakaly v. Smith*, 544 N.E.2d 490, 491-92 (Ind. 1989). In searching the chain of title, a prospective purchaser is on notice of any outstanding mortgages, easements, or other encumbrances on the property that appear in the appropriate county indices. *Nally*, 820 N.E.2d at 651. "A record outside the chain of title does not provide notice to bona fide purchasers for value." *Szakaly*, 544 N.E.2d at 492.

On April 24, 2006, Hair, acting as crossclaimant in Homecomings' foreclosure action against Sharon Adejare on the Alabama Street Property, obtained a money judgment against the Adajares. The question is when that judgment became a lien on the Talbott Street Property. "Courts cannot create judgment liens." *Sullivan State Bank v. First Nat'l Bank*, 82 Ind. App. 419, 146 N.E.2d 403, 405 (1925). Instead, they are purely statutory, and the lien's very existence is dependent upon compliance with the statutory requirements. *Id*. at 405-06. Indiana Code Section 34-55-9-2 provides in part, "All final judgments for the recovery of money … constitute a lien upon real estate … in the county where the judgment has been *duly entered and indexed* in the judgment docket as provided by law … *after* the time the judgment was *entered and indexed*[.]" (Emphases added.)

Here, the Adejares conveyed the Talbott Street Property and three other parcels to the Land Trust during the pendency of Homecomings' action against Sharon. Although Homecomings' 2006 judgment against Sharon could be found in the county records immediately after its rendering, neither the docket nor the index contained any entry

10

indicating that Hair had obtained a money judgment on a crossclaim against the Adejares.[5]

Thus, in 2007, when Schellenberger purchased the Talbott Street Property from Deutsche Bank at a foreclosure sale, there was nothing in the county records that would have placed him on notice of Hair's interest in that parcel. Hair's 2006 judgment simply was not there and would not be there until it was finally docketed and indexed in 2009—two years after Schellenberger's purchase and nine months after Schellenberger filed the instant action to remove the cloud on title. Based on the foregoing, we conclude that Schellenberger was a BFP as a matter of law and thus did not purchase the property subject to Hair's judgment against the Adejares.[6]

In sum, as between these two relatively innocent parties—Schellenberger as a BFP and Hair as holder of a money judgment against the Adejares—we find that the equities favor Schellenberger. As a BFP, Schellenberger could be responsible only for what was in the county records at the time Lawyers Title searched the county records. He could not cure deficiencies in the records of which he was totally unaware. In contrast, as a judgment holder, Hair could have taken steps to cure the deficiencies, i.e., he could have checked the records to ensure that his judgment was on record and perfected, giving rise to a lien, or he could have acted within the statute of limitations and raised the alleged fraudulent

---

[5] The caption in the 2006 summary judgment decree listed Homecomings as sole plaintiff and listed Calvin Hair among a lengthy list of defendants, without delineating his status as a crossclaimant. Appellant's App. at 39. As previously noted, the only parcel mentioned in the 2006 judgment against the Adejares was the Alabama Street Property. *Id*. at 40-42.

[6] We note that Wells Fargo, as the assignee of Schellenberger's purchase money mortgage, also enjoys the status of BFP. *See Thomas v. Thomas*, 923 N.E.2d 465, 469-70 (Ind. Ct. App. 2010) (stating that the law protecting bona fide purchasers applies with equal force to mortgagees).

conveyance during Sharon's bankruptcy proceedings. In short, he was in a better position to prevent the dispute at hand. As such, we find no error in the trial court's decision to grant full summary judgment in favor of the Appellees. Accordingly, we affirm the trial court in all respects.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.