Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**DARCIE L. CAMPENELLA**
Campanella Law L.L.C.
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE
CHRYSLER GROUP, LLC:

**JEFFREY P. SMITH**
**W. RANDALL KAMMEYER**
**SARAH L. BLAKE**
Hawk Haynie Kammeyer &
Chickedantz LLP
Fort Wayne, Indiana

FILED

Sep 05 2014, 9:05 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CYNTHIA S. GIEMA, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 37A04-1402-PL-76 |
| | ) | |
| CHRYSLER GROUP, LLC, | ) | |
| BOSAK MOTOR SALES, INC., | ) | |
| WILL FARRELLBEGG, | ) | |
| JERRY P. GIEMA and ROSEMARY GIEMA, | ) | |
| CYNTHIA R. NOVOTNY, and | ) | |
| KATHY WILLMAN.[1] | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE JASPER CIRCUIT COURT
The Honorable John Potter, Judge
The Honorable Mark L. Callaway, Judge Pro Tempore
Cause No. 37C01-1205-PL-502

**September 5, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

---

[1] Although this appeal involves only Chrysler Group, LLC, we include the other named defendants because our Indiana Appellate Rules provide that a party of record in the trial court shall be a party on appeal. Ind. Appellate Rule 17(A); *Hoosier Outdoor Adver. Corp. v. RBL Mgmt., Inc*., 844 N.E.2d 157, 162 (Ind. Ct. App. 2006).

Cynthia S. Giema appeals the trial court's grant of summary judgment in favor of Chrysler Group, LLC ("Chrysler") on her complaint, filed against Chrysler and other defendants, which alleged theft/conversion, fraud, tortious negligence, and respondeat superior. She raises several issues that we consolidate and restate as: whether the trial court properly granted summary judgment in favor of Chrysler on all of Giema's claims against it.

We affirm.

## FACTS AND PROCEDURAL HISTORY[2]

Giema and Jerry Giema ("Jerry") were married in the 1970s and divorced in the early 1980s. Thereafter, in October 2005, they resumed their relationship, but did not remarry. In September 2007, Giema and Jerry applied for and were approved for a joint loan to purchase a 2008 Pontiac Solstice ("the Solstice"). They purchased the Solstice, which was titled in both of their names, and it was financed and subject to a lien through TD Auto Finance. Jerry made the first payment, and Giema made every payment thereafter until December 2010. In January 2011, Giema and Jerry ended their relationship. The Solstice was put in storage. In February 2011, Giema and Jerry discussed what to do about the Solstice, and Jerry said, "I'm not paying for something that I don't have." *Appellant's App*. at 42. On or around February 6, Giema delivered the Solstice to Jerry and told him

---

[2] We note that Giema's Statement of the Case section does not comply with Indiana Appellate Rule 46(A)(5), which instructs that the section should briefly describe the nature of the case, the course of proceedings, and the disposition of these issues. Giema's Statement of the Case contains considerable detail and factual material beyond the rule's parameters. A party's failure to comply with the rules makes review more difficult, and we remind counsel to comply with our rules in the future.

2

"that I wanted him to put it out front for sale." *Id*. She further said to Jerry, "If you get an offer on it, just let me know and we'll decide what to do with it." *Id*. at 43.

On or around June 11, 2011, Jerry, with his then-girlfriend Rosemarie Giema[3] ("Rosemarie"), took the Solstice to Bosak Motor Sales, Inc. ("Bosak") and traded it in for a 2001 Jeep Wrangler. Bosak buys vehicles from Chrysler and resells them as a retailer. Jerry spoke to and received assistance from various Bosak employees about the trade-in of the Solstice. Giema was not present for the trade-in and sale of the Solstice, but a power of attorney purporting to be signed by Giema was used in the trade-in of the Solstice and purchase of the Jeep. Giema maintains that she did not sign the power of attorney and knew nothing about it. Cynthia Novotny, an employee of Bosak, notarized the power of attorney. Will Farrellbegg, an employee and salesperson at Bosak, assisted Jerry with the trade-in transaction. Bosak's comptroller at the time was Kathy Willman.

On February 8, 2013, Giema filed an amended complaint against Jerry, Rosemarie, Bosak, Chrysler, Novotny, Farrellbegg, and Willman, alleging: Count I – theft/conversion; Count II – fraud; Count III – tortious negligence; Count IV – theory of respondeat superior.[4] On August 12, 2013, Chrysler filed a motion for summary judgment on all counts, along with a designation of evidence in support. Giema did not file a response brief and did not designate any materials or issues of fact in opposition to Chrysler's motion, and she did not request an extension of time to file a response. A hearing was held on Chrysler's motion on December 11, 2013. Thereafter, on December 31, 2013, Giema filed a motion

---

[3] Jerry and Rosemarie married at some point prior to this appeal.

[4] The original complaint, filed in May 2012, named only Jerry, Bosak, and Jane Doe as defendants.

3

for summary judgment.[5]  The trial court granted Chrysler's motion for summary judgment on December 11, 2013; the order was signed and file stamped in open court that date.  On January 10, 2014, an entry reflecting the December 11, 2013 order was entered on the Jasper Circuit Court Chronological Case Summary ("CCS").[6]  On January 17, 2014, Giema filed a motion to correct error, which the trial court denied on January 22, 2014.  The trial court also canceled a hearing that had been scheduled on Giema's motion for summary judgment.  Giema now appeals.[7]  Additional facts will be supplied as necessary.

## DISCUSSION AND DECISION

Giema filed a motion to correct error challenging the trial court's entry of summary judgment in Chrysler's favor.  The trial court denied the motion.  In this situation, our standard of review is the same as that which we employ when reviewing summary judgment rulings.  *Hair v. Schellenberger*, 966 N.E.2d 693, 697 n.3 (Ind. Ct. App. 2012), *trans. denied*.  Upon review of a summary judgment ruling, this court stands in the shoes of the trial court and does not weigh the evidence, but merely construes the pleadings and designated materials in a light most favorable to the non-movant.  *French-Tex Cleaners, Inc. v. Cafaro Co.*, 893 N.E.2d 1156, 1160-61 (Ind. Ct. App. 2008).  Considering only those facts that the parties designated to the trial court, we must determine whether there

---

[5] It was entered in the CCS on January 10, 2014, which appears to be the date it was received by the Jasper County Clerk's Office.

[6] To the extent Giema asserts that the trial court erred or acted inappropriately concerning the fact that the order was signed on December 11, 2013 and entered in the CCS in January 2014, we are unable to discern her argument, finding that it is not cogent and not supported by citation to authority.  Thus, we consider the issue waived.  Ind. Appellate Rule 46(A)(8)(a).

[7] Giema has filed a motion for oral argument, which we deny in an order issued contemporaneously with this decision.

4

is a genuine issue as to any material fact and whether the moving party is entitled to a judgment as a matter of law.  Ind. Trial Rule 56(C); *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269-70 (Ind. 2009).  A factual issue is genuine if it cannot be foreclosed by reference to undisputed facts.  *French-Tex Cleaners*, 893 N.E.2d 1160-61.  A fact is material if it affects the outcome of the litigation.  *Id.*  The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.  *Dreaded Inc.*, 904 N.E.2d at 1270.  The party appealing from a summary judgment decision bears the burden of persuading the appellate court that the grant or denial of summary judgment was erroneous.[8]  *French-Tex Cleaners*, 893 N.E.2d 1160-61.

Giema's complaint sought to impute liability to Chrysler for the actions of Bosak's employees in receiving and notarizing an allegedly forged power of attorney that was used to transfer title to the Solstice.  Her claims against Chrysler are based upon the doctrine of respondeat superior.  The doctrine of respondeat superior imposes liability on an employer for the wrongful acts of his employee committed within the scope of employment.  *Hurlow*

---

[8] In addition to her claim that the trial court erred by granting summary judgment, Giema claims the trial court also was in error because it "failed to designate the issues or claims . . . upon which it found no genuine issue[.]" *Appellant's Br.* at 1.  However, specific findings and conclusions by the trial court are not required, and although they offer valuable insight into the rationale for the judgment and facilitate our review, we are not limited to reviewing the trial court's reasons for granting or denying summary judgment. *I/N Tek v. Hitachi, Ltd.*, 734 N.E.2d 584, 587 (Ind. Ct. App. 2000), *trans. denied.*  A grant of summary judgment may be affirmed upon any theory supported by the designated materials. *Id.*

*v. Managing Partners, Inc.*, 755 N.E.2d 1158, 1161 (Ind. Ct. App. 2001), *trans. denied*. The critical inquiry focuses on whether the employee is in the service of his employer when he commits the wrongful act. *Id.* There must be an agency relationship before imputed liability under the principle of respondeat superior applies. *Donahue v. St. Joseph Cnty. ex rel. Bd. of Com'rs of St. Joseph Cnty.*, 720 N.E.2d 1236, 1241 (Ind. Ct. App. 1999). Giema's position is that "Chrysler benefitted when the Bosak Defendants defrauded [Giema] by forging the POA to unlawfully convert her personal property. Chrysler benefitted from the wrongful actions of the Bosak Defendants which resulted in the sale and financing of the Jeep." *Appellant's Br.* at 17. However, the designated evidence before the trial court does not establish those claimed facts.

In support of its motion for summary judgment, Chrysler designated, among other things, portions of the depositions of Giema, Jerry, Novotny, Farrellbegg, and Willman. In their respective depositions, Novotny, Farrellbegg, and Willman each testified that Bosak employed him or her, and Chrysler did not. The depositions also reflect that Chrysler did not direct or control Bosak's employees during vehicle sales or trade-in transactions, and specifically here, Chrysler had no involvement with and did not direct Bosak's employees concerning the trade-in of the Solstice at issue. While Jerry discussed the transaction concerning the trade-in with various Bosak employees, he never spoke to anyone at Chrysler about the trade-in of the Solstice. Bosak purchased vehicles from Chrysler and sold them as a retailer, but Chrysler exercised no control over the Bosak employees in the ordinary course of business. Giema did not designate any evidence in

6

opposition to Chrysler's motion to establish if or how Chrysler benefitted or would be liable under the doctrine of respondeat superior.

Although Giema filed her own motion for summary judgment and designated evidence – after the hearing was held on Chrysler's motion for summary judgment – our review on appeal is confined to whether Chrysler was entitled to judgment as a matter of law based on its motion and designated evidence that was before the trial court at that time.[9] Here, the undisputed facts before the trial court were that Chrysler does not employ Novotny, Farrellbegg, or Willman, nor are they under the direction or control of Chrysler. Chrysler had nothing to do with the trade-in of the Solstice. While there may be an existing factual issue as to who signed Giema's name to the power of attorney, this is not material as to whether Chrysler has any liability for any claims associated with the trade-in of the Solstice.

We find that the trial court properly granted summary judgment to Chrysler on all of Giema's claims presented in her complaint.

Affirmed.

BAKER, J., and ROBB, J., concur.

---

[9] Chrysler filed with our court a Motion to Strike portions of Giema's Brief and Separate Appendix on the basis that arguments and evidentiary materials that appear in the Brief and Separate Appendix were never presented to the trial court in response to Chrysler's motion for summary judgment and therefore are immaterial, impertinent, and inappropriate to Giema's appeal and should be stricken. Based on our decision today, we hereby deny Chrysler's motion as moot.